Gordon Jones
Vicki L Jones
8840 W River Beach Ln
Garden City, ID 83714
208-866-0281

Debtors (Pro Se)

U.S. COURTS

AUG 21 2020

Rcvd_____ Filed AD Time 5:25 pm
STEPHEN W. KENYON  rcvd via
CLERK, DISTRICT OF IDAHO  BK email

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

In re:

    Gordon Jones and Vicki L Jones

    Debtors

Case Number: 19-00138-JMM

Chapter 11

### Notice of Objection to Claim (Claim 21-1)

An objection to your claim has been filed in this bankruptcy case.

**Your claim may be reduced, modified, or eliminated.** You should read these papers carefully and discuss them with your attorney, if you have one.

If you do not want the court to eliminate or change your claim, then by September 23, 2020, you or your attorney must:

1. File with the court a written response to the objection, explaining your position. If you mail your response to the court for filing, you must mail it early enough so that the court will receive it on or before the date stated above.
2. You must also serve a copy of your response on the objecting party as well as any other party required by the bankruptcy code.

If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim.

### Objection to Claim (Claim 21-1)

Objection to Claim (Claim 21-1)                                                                                     1

Gordon Jones and Vicki L Jones, debtors and debtors-in-possession ("Debtors") in the above captioned case, pursuant to 11 U.S.C. § 502(a), FRBP 3007 and LBR 3007.1, hereby submit this *Objection to Claim (Claim 21-1)*, objecting to the claim (Claim 21-1) of creditor Beck Gold Creek Ranch, LLC ("Beck").

### Facts

1. On February 14, 2019 the Debtors filed a petition for relief under Chapter 11 of the Bankruptcy Code with the Court.
2. Creditor Beck's mailing address was included in the master mailing list submitted with the Debtors petition.
3. Debtors listed Beck's claim as disputed on both schedule E/F (form 106E/F) and the list of the 20 largest unsecured creditors (form 104).
4. Pursuant to 11 U.S.C. § 342, the Court mailed notice, via official form 309, to all parties-in-interest providing notification of the filing of this bankruptcy case.
5. The 11 U.S.C. § 342 notice mailed by the Court stated June 13, 2019 as the deadline date, pursuant to FRBP 3003(c)(3) and LBR 3003.1, for filing proofs of claim for non-governmental creditors.
6. On June 27, 2019, a proof of claim was filed for Beck by attorney Derrick J O'Neill of Jones Williams Fuhrman Gourley, P.A..

### Argument

Pursuant to FRBP 3003(c)(2) and LBR 3003.1, a creditor whose claim is not scheduled or scheduled as disputed, contingent, or unliquidated, must file a proof of claim by the deadline date set by the Court under FRBP 3003(c)(3). *See In re Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997) (Holder of disputed, contingent or unliquidated claim who fails to timely file a

proof of claim is not entitled to vote or participate in debtor's reorganization); *In re Nutri Bevco Inc.*, 117 B.R. 771, 778 (Bankr. S.D.N.Y. 1990) (Holders of disputed and unliquidated claims who failed to file a timely proof of claim are not deemed to have claims).

A proof of claim filed under 11 U.S.C. § 501 "is deemed allowed, unless a party in interest...objects" 11 U.S.C. § 502(a). Under 11 U.S.C. § 502(b) & (b)(9), if a claim has been objected to, "the Court, after notice and hearing, shall determine the amount of such claim...and shall allow such claim in such amount, except to the extent that— (9) proof of such claim is not timely filed..." In relevant part, 11 U.S.C. § 502(b), provides that, in a chapter 11 case, a claim that has been objected to, for which proof of such claim was filed late, such claim shall not be allowed.

### Conclusion

In this case, Beck's claim should not be allowed as such claim was properly scheduled by Debtors as disputed, Beck received proper notice of the bankruptcy indicating the deadline date for filing a proof of claim, yet Beck's proof of claim was filed two weeks after the expiration of the deadline date. Allowance of such claim would be in direct contradiction to the bankruptcy code and bankruptcy rules and would prejudicial to both the Debtors and other creditors. A timely ballot rejecting the Plan was remitted by Beck however as a result of the filing of this objection, such ballot should not be counted for purposes of voting or confirmation.

WHEREFORE, Beck's filed proof of claim fails to meet the requirements of FRBP 3003(c) and LBR 3003.1 and therefore should not be allowed pursuant to 11 U.S.C. § 502(b)(9).

Dated: August 21, 2020

_____
Gordon Jones

_____
Vicki Jones

## CERTIFICATE OF SERVICE

I, Gordon Jones, do hereby certify that on the 21st day of August, 2020, I caused to be served a true and correct copy of the foregoing document(s) by First Class Mail addressed to the following:

Beck Gold Creek Ranch
C/O Derrick J O'Neill
Jones Williams Fuhrman Gourley, P.A.
225 N 9th St Ste 820
Boise, ID 83702

Office of the United States Trustee
720 E Park Blvd Ste 220
Boise, ID 83712

_____
Gordon Jones

Objection to Claim (Claim 21-1)                                                                 4