Randall A. Peterman, ISB No. 1944
Amber N. Dina, ISB No. 7708
GIVENS PURSLEY LLP
601 W. Bannock Street
Post Office Box 2720
Boise, Idaho  83701-2720
Telephone  (208) 388-1200
Facsimile  (208) 388-1300
rap@givenspursley.com
amberdina@givenspursley.com
16126263.3

*Attorneys for Creditors James and Alice Belenis*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>GORDON JONES and VICKI L. JONES<br><br>Debtors. | Case No. 19-00138-JMM<br>Chapter 7 |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY, 11 U.S.C. § 362**

Creditors James Belenis and Alice Belenis (collectively "Belenis"), by and through their

undersigned counsel of record, file this Motion for Relief from the Automatic Stay, 11 U.S.C.

§ 362 ("Motion"), and further allege as follows:

### I.  JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).  This is a "core proceeding"

pursuant to 28 U.S.C. § 157(b).

### II.  FACTUAL AND PROCEDURAL HISTORY

1. Gordon Jones and Vicki Jones (collectively the "Debtor") filed a Chapter 11

Petition (Dkt. 1) for bankruptcy on February 14, 2019 (the "Petition Date").

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY, 11 U.S.C. § 362 - 1**

2.    The Debtor's Amended Chapter 11 Plan (Dkt. 161) was confirmed on October 7, 2020 (Dkt. 173).

3.    On February 9, 2022, Belenis filed a Notice of Default of Confirmed Plan (Dkt. 188).

4.    On March 16, 2022, Belenis filed a Notice of Debtor's Failure to Cure Default of Confirmed Plan (Dkt. 190).

5.    On April 15, 2022, the United States Trustee filed a Motion to Convert or Dismiss Case (Dkt. 193).

6.    On May 9, 2022, the Court entered its Order converting the case to one under Chapter 7 of Title 11 (Dkt. 203).

7.    Timothy Kurtz is the duly appointed Chapter 7 trustee.

8.    Belenis is a secured creditor of Debtor with a perfected security interest in certain real property of the Debtor.

**A.    The Property**

9.    On or about January 13, 2010, Debtor executed a Deed of Trust Note in favor of James D. Belenis and Alice Y. Belenis, as Trustees for The Belenis Family Trust U/D/D March 30, 2006, in the original principal amount of $178,000.00 (as amended, converted, modified, supplemented, or replaced from time to time, the "First Note").  A true and correct copy of the First Note is attached hereto as **Exhibit A** and is incorporated herein by reference.

10.    To secure the obligations of the First Note, on or about January 13, 2010, Debtor executed a Deed of Trust ("First Deed of Trust") in favor of James D. Belenis and Alice Y. Belenis, as Trustees for The Belenis Family Trust U/D/D March 30, 2006, granting a lien in real property located in Ada County, Idaho described as the Northwest Quarter of the Northeast

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY, 11 U.S.C. § 362 - 2**

Quarter of Section 35, Township 2 North, Range 3 East, Boise, Meridian, Ada County, Idaho (the "Property").  The First Deed of Trust was recorded in the records of Ada County, Idaho on January 14, 2010, as Instrument No. 110004016.  A true and correct copy of the First Deed of Trust is attached hereto as **Exhibit B** and is incorporated herein by reference.

11.    On or about January 26, 2010, Debtor executed a Deed of Trust Note in favor of PENSCO Trust Company Custodian FBO James Belenis IRA Account No. XXXX0919, in the original principal amount of $320,000.00 (as amended, converted, modified, supplemented, or replaced from time to time, the "Second Note").  A true and correct copy of the Second Note and all extensions thereto is attached hereto as **Exhibit C** and is incorporated herein by reference.

12.    To secure the obligations of the Second Note, on or about January 26, 2010, Debtor executed a Deed of Trust ("Second Deed of Trust") in favor of PENSCO Trust Company Custodian FBO James Belenis IRA Account No. XXXX0919, granting a lien in the  Property. The Second Deed of Trust was recorded in the records of Ada County, Idaho on February 5, 2010, as Instrument No. 110011217.  A true and correct copy of the Second Deed of Trust is attached hereto as **Exhibit D** and is incorporated herein by reference.

13.    The First Note and the Second Note are hereinafter collectively referenced as the "Notes."

14.    On or about February 4, 2010, Debtor and Belenis executed a Subordination Agreement (the "Subordination Agreement") subordinating the lien under the First Deed of Trust to the lien under the Second Deed of Trust.  The Subordination Agreement was recorded in the records of Ada County, Idaho on February 5, 2010, as Instrument No. 110011218.  A true and correct copy of the Subordination Agreement is attached hereto as **Exhibit E** and is incorporated herein by reference.

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY, 11 U.S.C. § 362 - 3**

15.    On May 24, 2022, Pacific Premier Trust, a Division of Pacific Premier Bank, executed a Limited Power of Attorney ("Limited Power of Attorney") transferring its interests in the Second Note and Second Deed of Trust to James D. Belenis.  A true and correct copy of the Limited Power of Attorney is attached hereto as **Exhibit F** and is incorporated herein by reference.

**B.    Indebtedness**

16.    Debtor is indebted to Belenis under the First Note in the amount of **$441,120** as of May 14, 2022, consisting of $178,000 in principal and $263,120 in interest.  Interest, costs, and attorneys' fees continue to accrue.

17.    Debtor is indebted to Belenis under the Second Note in the amount of **$789,600** as of April 30, 2022, consisting of $320,000 in principal and $469,000 in interest.  Interest, costs, and attorneys' fees continue to accrue.

18.    The amounts owed under the Second Note and the First Note are hereinafter collectively referenced as the "Indebtedness."

19.    Belenis seeks stay relief from the automatic stay with respect to the Property.

### III.    ARGUMENT

20.    Belenis alleges that the value of the Property is less than the Indebtedness due. This allegation is based upon the Broker Price Opinion dated March 31, 2022 and valuing the Property at $282,000 to $319,600.  A true and correct copy of the Broker's Price Opinion is attached hereto as **Exhibit G** and is incorporated herein by reference.

21.    Belenis is entitled to relief from the automatic stay of 11 U.S.C. § 362, for cause, because Debtor lacks equity in the Property.

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY, 11 U.S.C. § 362 - 4**

## IV.    CONCLUSION

WHEREFORE, Belenis prays for relief as follows:

1.      For an order of this Court granting Belenis relief from the automatic stay of 11 U.S.C. § 362, so as to allow Belenis to exercise its rights against the Property available under state and/or bankruptcy law, including taking possession of and selling the Property and to apply the proceeds of the sale to the remaining Indebtedness owed Belenis by Debtor under the Notes.

2.      For waiver of the 14-day waiting period set forth in Bankruptcy Rule 4001(a)(3).

3.      For such other and further relief as the Court deems just and equitable.

### NOTICE REQUIRED BY LOCAL BANKRUPTCY RULE 4001.2

Notice is hereby given, pursuant to Local Bankruptcy Rule 4001.2, that any party in interest opposing the motion must file and serve an objection thereto not later than seventeen (17) days after the date of service of the motion.  The objection shall specifically identify those matters contained in the motion that are at issue and any other basis for opposition to the motion. The objection shall also contain the notice of hearing required by subsection (e)(1) and the proof of service required by subsection (h).  Absent the filing of a timely objection, movant may submit a proposed order, and the Court may grant the relief sought without a hearing.  The objection shall also contain the notice of hearing required by subsection (e)(1) of Local Bankruptcy Rule 4001.2 and the proof of service required by subsection (h) of Local Bankruptcy Rule 4001.2.  If an objection to this motion is filed, the objection shall be served upon the undersigned attorney for the movant and upon all parties receiving service of this motion.

Any party opposing this motion shall contact the Court's calendar clerk to schedule a preliminary hearing.  The objection to a motion shall include the notice of such hearing.  Upon

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY, 11 U.S.C. § 362 - 5**

Court approval, movant may schedule a hearing for cause shown in the motion or other submissions.

Notice is hereby further given, pursuant to Local Bankruptcy Rule 4001.2, that 11 U.S.C. § 362(e) reads as follows:

> (1)     Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section.  A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section.   The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection (d) of this section if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing.   If the hearing under this subsection is a preliminary hearing, then such final hearing shall be concluded not later than thirty days after the conclusion of such preliminary hearing, unless the 30-day period is extended with the consent of the parties in interest or for a specific time which the court finds is required by compelling circumstances.

> (2)     Notwithstanding paragraph (1), in a case under chapter 7, 11, or 13 in which the debtor is an individual, the stay under subsection (a) shall terminate on the date that is 60 days after a request is made by a party in interest under subsection (d), unless –

>> (A)     a final decision is rendered by the court during the 60-day period beginning on the date of the request; or

>> (B)     such 60-day period is extended –

>>> (i)     by agreement of all parties in interest; or

>>> (ii)     by the court for such specific period of time as the court finds is required for good cause, as described in findings made by the court.

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY, 11 U.S.C. § 362 - 6**

DATED this 31st day of May, 2022.

GIVENS PURSLEY LLP


By /s/ Amber N. Dina
    Amber N. Dina – Of the Firm
    Attorneys for James Belenis and Curtis Chong

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 31st day of May, 2022, I filed the foregoing **MOTION FOR RELIEF FROM THE AUTOMATIC STAY, 11 U.S.C. § 362** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Brett R. Cahoon**
ustp.region18.bs.ecf@usdoj.gov

**U.S. Trustee**
ustp.region18.bs.ecf@usdoj.gov

**Jesse A.P. Baker**
ecfidb@aldridgepite.com
JPB@ecf.courtdrive.com

**Lesley D. Bohleber**
lbohleber@bskd.com
psutton@bskd.com
vbraxton@bskd.com
mbeck@bskd.com

**Matthew T. Christensen**
mtc@johnsonmaylaw.com
mtcecf@gmail.com
mar@johnsonmaylaw.com
mla@johnsonmaylaw.com
acs@johnsonmaylaw.com
ecf@johnsonmaylaw.com
atty_christensen@bluestylus.com
christensenmr81164@notify.bestcase.com

**William M. Humphries**
bill.humphries@usdoj.gov
jessica.black@usdoj.gov

**David T. Krueck**
dkrueck@perkinscoie.com
lbush@perkinscoie.com

**David Wayne Newman**
david.w.newman@usdoj.gov
ustp.region18.bs.ecf@usdoj.gov

**Derrick J. O'Neill**
doneill@idalaw.com
mmills@idalaw.com

**Jon M. Steele**
JSteele@runftsteele.com,
TWiggs@runftsteele.com

**Laura E. Burri**
lburri@morrowfischer.com

**Timothy R. Kurtz**
trk@kurtztrustee.com
meg@kurtztrustee.com
jmh@kurtztrustee.com
admin@kurtztrustee.com
ID20@ecfcbis.com

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY, 11 U.S.C. § 362 - 8**

AND, I FURTHER CERTIFY that on such date I served the foregoing **MOTION FOR RELIEF FROM THE AUTOMATIC STAY, 11 U.S.C. § 362** on the following non-CM/ECF Registered Participants in the manner indicated:

| | |
|---|---|
| All creditors on the attached creditor mailing matrix. | (X) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile |
| Gordon Jones<br>Vicki L. Jones<br>8840 W. River Beach Lane<br>Garden City, ID 83714 | (X) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile |
| Michael Ballantyne<br>Thornton Oliver Keller<br>250 S. Fifth Street, 2nd Floor<br>Boise, ID 83702 | (X) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile |
| Morris Grigg<br>Grigg, Bratton and Brash P.C.<br>4487 N Dresden Place, Ste. 101<br>Boise, ID 83714 | (X) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile |
| Idaho State Tax Commission<br>P.O. Box 36<br>Boise, ID 83722-0410 | (X) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile |
| Richard L. Zamzow<br>11555 Thomas Dr.<br>Boise, ID 83709 | (X) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile |

_/s/ Amber N. Dina_
Amber N. Dina

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY, 11 U.S.C. § 362 - 9**

Label Matrix for local noticing
0976-1
Case 19-00138-JMM
District of Idaho
Boise
Tue May 31 12:49:06 MDT 2022

(p)ADA COUNTY
ATTN ATTN PA BANKRUPTCY NOTICES
200 W FRONT STREET ROOM 3191
BOISE ID 83702-7300

(p)ALLIED INTERNATIONAL CREDIT CORP US
6800 PARAGON PLACE
SUITE 400
RICHMOND VA 23230-1654

Alvin Hohbach
9680 W Utahna Rd
Boise ID 83714
United States 83714-3744

Jesse A.P. Baker
Aldridge Pite, LLP
4375 Jutland Drive, Suite 200
San Diego, CA 92117-3600

Michael Ballantyne
Thornton Oliver Keller
250 S. Fifth Street, 2nd Floor
Boise, ID 83702-7713

Barbara Little
1950 7th Ave N
Payette ID 83661
United States 83661-2752

Beck Gold Creek Ranch, LLC
c/o Derrick O'Neill
Jones Williams Fuhrman Gourley
225 N 9th Street Suite 820
Boise, ID 83702-5778

Beck Gold Creek Ranch, LLC
370 Mullen Rd
Gold Creek MT 59733
United States 59733-9760

James Belenis
c/o Givens Pursley LLP
ATTN: Amber Dina
601 W Bannock Street
Boise, ID 83702-5919

Lesley D. Bohleber
Bush Kornfeld LLP
601 Union Street, Suite 5000
Seattle, WA 98101-2373

Brad Schuppan
PO Box 363
Angel Fire NM 87710
United States 87710-0363

Laura E Burri
Morrow & Fischer, PLLC
4 Ogden Avenue
83651
Nampa, ID 83651-2371

Brett R Cahoon
DOJ-UST
550 West Fort St.
Ste 698
Boise, ID 83724-0101

Capital Management Services, LP
698 1/2 S Ogden St
Buffalo NY 14206
United States 14206-2317

Capital One Bank (USA), N.A.
PO Box 30285
Salt Lake City UT 84130
United States 84130-0285

Carolyn Cannon
414 W Bass St
Boise ID 83705
United States 83705-5923

Chet Pipkin
11355 W Camas St
Boise ID 83709
United States 83709-1212

Curtis Chong
c/o Givens Pursley LLP
ATTN: Amber Dina
601 W Bannock Street
Boise, ID 83702-5919

Matthew Todd Christensen
Johnson May, PLLC
199 N. Capitol Blvd
Suite 200
Boise, ID 83702-6197

Citibank, N.A.
PO Box 6500
Sioux Falls SD 57117
United States 57117-6500

Citibank, N.A.
PO Box 790345
St. Louis MO 63179
United States 63179-0345

Curtis Chong
29 Vista Marin Dr
San Rafael CA 94903
United States 94903-5205

David A Kennison
60 Hillcrest Ln
Rock Springs WY 82901
United States 82901-3178

David Sikkema
900 Riverside Rd
Kalispell MT 59901
United States 59901-8222

Deutsche Bank National Trust Company, as Tru
Default Document Processing
MAC# N9286-01Y 1000 Blue Gentian Road
Eagan MN 55121-7700

Amber Nicole Dina
Givens Pursley LLP
601 W. Bannock Street
Boise, ID 83702-5919

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH  43054-3025

(p)DISCOVER FINANCIAL SERVICES LLC
PO BOX 3025
NEW ALBANY OH 43054-3025

Michal L. Dixon
2650 N Wing Road
Star, ID 83669-5139

Free River, LLC
2976 E State St Ste 120-322
Eagle ID 83616
United States 83616-6377

Gene Deller
3220 Tamarack Dr
Boise ID 83703
United States 83703-4544

Glen Alleman
PO Box 701
Kuna ID 83634
United States 83634-0701


Morris Grigg
Grigg, Bratton and Brash P.C.
4487 N Dresden Place, Ste 101
Boise, ID 83714-5005

William M Humphries
U.S. Attorney's Office District of Idaho
1290 W. Myrtle St.
Suite 500
Boise, ID 83702-6950

Idaho State Tax Commission
Idaho State Tax Commission
PO Box 36
Boise, ID 83722-0410


Idaho State Tax Commission
PO Box 36
Boise, ID 83722-0036

Internal Revenue Service
178 South Rio Grande Street
MS:  5021
Salt Lake City, UT 84101-1505

(p)JPMORGAN CHASE BANK  N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774


JPMorgan Chase Bank, National Association
c/o ALDRIDGE PITE, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-7921

James Belenis
633 Elmwood Dr
Davis CA 95616
United States 95616-3514

Jeremy Pixton
14618 S Gallatin Ln
Draper UT 84020
United States 84020-5582


Jessie Rose
2019 N 29th St
Boise ID 83703
United States 83703-5845

John L Chapman
17706 Northside Blvd
Nampa ID 83687
United States 83687-8284

Gordon Jones
8840 W. River Beach Ln.
Garden City, ID 83714-1811


Vicki L Jones
8840 W. River Beach Ln.
Garden City, ID 83714-1811

Key Bank National Association
4910 Tiedeman Rd
Brooklyn OH 44144
United States 44144-2338

Knife River Corporation - Northwest
5450 W Gowen Rd
Boise ID 83709
United States 83709-5625


Knife River Corporation - Northwest
c/o David T. Krueck
Elam & Burke, P.A.
P.O. Box 1539
Boise, ID 83701-1539

David T Krueck
Perkins Coie LLP
1111 W. Jefferson Street
Suite 500
Boise, ID 83702-5391

(p)TIMOTHY R KURTZ
P O BOX 956
BOISE ID 83701-0956


Michael Dixon
2650 N Wing Dr
Star ID 83669
United States 83669-5139

Michael Purtill
791 Monroe St
Napa CA 94559
United States

Michel L. Dixon
2650 N Wing Road
Star, ID 83669-5139


Milodragovich, Dale
 & Steinbrenner, PC
PO Box 4947
Missoula, MT 59806-4947

Milodragovich, Dale & Steinbrenner, P.C.
620 High Park Way
Missoula MT 59803
United States 59803-2205

(p)MONARCH RECOVERY MANAGEMENT  INC
ATTN COMPLIANCE
3260 TILLMAN DRIVE
SUITE 75
BENSALEM PA 19020-2059


NORCO, INC C/O PROFESSIONAL CREDIT SERVICE
PO BOX 7548
SPRINGFIELD, OR 97475-0039

David Wayne Newman
OFFICE OF THE US TRUSTEE US DEPT
405 South Main Street, Suite 300
Salt Lake City, UT 84111-3402

Nickolas Louie
2524 S Links Pl
Eagle ID 83616
United States 83616-7269

Norco, Inc.
2882 N Eagle Rd
Meridian ID 83646
United States 83646-5907

Derrick Jerome O'Neal
Jones Gledhill Fuhrman Gourley, PA
225 N. 9th St. Ste 820
Boise, ID 83702-5778

Ocwen Loan Servicing, LLC
1661 Worthington Rd Ste 100
West Palm Beach FL 33409
United States 33409-6493


Ocwen Loan Servicing, LLC
c/o ALDRIDGE PITE, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-7921

Olexander Hnojewyj
1127 6th St NE
Minneapolis MN 55413
United States 55413-1339

Payette County Treasurer
1130 Third Ave N Rm 103
Payette ID 83661
United States 83661-2473


(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Professional Credit Service
400 International Way Ste 100
Springfield OR 97477
United States 97477-7004

Richard Gannon
1287 Penny Ln
Lincoln MT 59639
United States 59639-9507


Richard Zamzow
11555 Thomas Dr
Boise ID 83709
United States 83709-0159

Runft & Steele Law Offices, PLLC
1020 W. Main St.
Suite 400
Boise, ID 83702-5779

Runft & Steele Law Offices, PLLC
1020 W. Main St.
Suite 400
Boise, Idaho 83702-5779


Salley McMinn
3885 W Twilight Ct
Boise ID 83703
United States 83703-4272

Jon M Steele
1020 W. Main St Ste 400
Boise, ID 83702-5779

The Commercial Agency
c/o Rodda Paint Co.
PO Box 23909
Portland OR 97281-3909


Tyson Jones
4531 Hill Rd
Boise ID 83703
United States 83703-3738

U.S. Bank, N.A.
Ocwen Loan Servicing, LLC
Attn: Bankruptcy Department
PO Box 24605
West Palm Beach, FL 33416-4605

US Bank National Association
205 W 4th St Ste 700
Cincinnati OH 45202
United States 45202-2628


US Bank National Association
PO Box 108
St Louis MO 63166
United States 63166-0108

US Trustee
Washington Group Central Plaza
720 Park Blvd, Ste 220
Boise, ID 83712-7785

United Recovery Systems
PO Box 722929
Houston TX 77272
United States 77272-2929


Verizon
by American InfoSource as agent
PO Box 4457
Houston, TX  77210-4457

Walter Kightly and Tina Kightly
35 Alder Ct
Franklinton NC 27525
United States 27525-8398

Wellington Pierce
5782 S Schooner Way
Boise ID 83716
United States 83716-9046


Wells Fargo Bank, N.A.
MAC N9286-01Y
P.O. Box 1629
Minneapolis, MN 55440-1629

Wells Fargo Bank, N.A.
c/o ALDRIDGE PITE, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-7921

Wells Fargo Home Mortgage
PO Box 10335
Des Moines IA 50306
United States 50306-0335


Brent Russel Wilson
Hawley Troxell Ennis & Hawley LLP
877 Main Street, Suite 1000
Boise, ID 83702-5884

Richard L. Zamzow
11555 Thomas Dr
Boise, ID 83709-0159

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Ada County Treasurer
200 W Front St
Boise ID 83702
United States

(d)Ada County Treasurer
c/o Ammon Taylor
200 W. Front St., Room 3191
Boise, ID 83702

Allied International Credit Corp
6800 Paragon Pl Ste 400
Richmond VA 23230
United States

Discover Bank
PO Box 30943
Salt Lake City UT 84130
United States

JPMorgan Chase Bank National Association
Chase Records Center Attn:
Correspondence Mail Code LA4-5555
700 Kansas Lane
Monroe LA 71203

(d)JPMorgan Chase Bank, N.A.
PO Box 182613
Columbus OH 43218
United States

(d)JPMorgan Chase Bank, N.A.
Po Box 15298
Wilmington DE 19850
United States

Timothy R. Kurtz
Chapter 7 Trustee
PO Box 956
Boise, ID 83702

Monarch Recovery Management, Inc.
3260 Tillman Dr Ste 75
Bensalem, PA 19020

Portfolio Recovery Associates
120 Corporate Blvd Ste 100
Norfolk VA 23502
United States

(d)Portfolio Recovery Associates, LLC
POB 12914
Norfolk VA 23541

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Curtis Chong

(u)Deutsche Bank National Trust Company, as T

(u)Olexander Hnojewyj

(u)Internal Revenue Sevice

(u)JPMorgan Chase Bank, National Association

(u)James Belenis

(u)Knife River Corporation - Northwest

(d)Michal L. Dixon
2650 N Wing Road
Star, ID 83669-5139

(u)Ocwen Loan Servicing, LLC

(u)U.S. Bank N.A., as Trustee, successor by m

(u)Wells Fargo Bank, N.A.

End of Label Matrix
Mailable recipients    88
Bypassed recipients    11
Total                  99

Exhibit A

Exhibit A



703 S. Americana, Suite 120 / Boise, Idaho 83702 / (208) 373-3744

## DEED OF TRUST NOTE

$178,000.00

January 13, 2010

For Value received, the undersigned promise to pay to the order of: James D. Belenis and Alice Y. Belenis Trustees for The Belenis Family Trust U/D/D March 30, 2006 the Principal sum of One Hundred Seventy Eight Thousand dollars and Zero cents ($178,000.00) in lawful money of the United States of America, with interest thereon at the rate of Twelve percent (12 %) per annum from January 14, 2010, in installments as follows:

The entire principal balance and interest accrued thereon shall be due and payable in full on or before January 14, 2011.

If the Maker hereof sells, conveys or alienates the property described in the Deed of Trust securing this Note, or any part thereof, or any interest therein, excluding a transfer by devise, descent or operation of law upon the death of the Maker, any indebtedness or obligation secured hereby (irrespective of the maturity date expressed herein) at the option of the holder hereof and without demand or notice shall immediately become due and payable.

All payments, including partial prepayments, shall be applied first to accrued late charges owing (if applicable) then to accrued interest and the balance in reduction of principal.

The maker hereof may repay any or all sums due hereunder at anytime without prior notice to the holder and without penalty or premium of any kind.

In case of failure to pay any installment when same shall become due, the holder at his option, may declare the whole principal hereof as immediately due and payable.  In case this note is collected by an attorney, either with or without suit the undersigned hereby agree to pay a reasonable attorney's fee.

This note is secured by a Deed of Trust of even date executed by the undersigned on certain real property described therein.

The undersigned hereby waive presentment, protest, and notice of non payment.

_____
Gordon Jones

_____
Vicki Jones by Gordon Jones, her Attorney in Fact

Exhibit B

Exhibit B

**PTC  PioneerTitleCo.**

GOING BEYOND

703 S. Americana, Suite 120 / Boise
Idaho 83702 / (208) 373-3744

ADA COUNTY RECORDER J. DAVID NAVARRO    AMOUNT 12.00
BOISE IDAHO 01/14/10 04:00 PM
DEPUTY Lisa Batt
RECORDED – REQUEST OF
Pioneer

110004016

# DEED OF TRUST

**312127 JB/GL**

**THIS DEED OF TRUST**, Made this 13th day of January, 2010, BETWEEN Gordon Jones and Vicki Jones, husband and wife, herein called GRANTOR, whose address is P. O. Box 8492, Boise ID 83701; PIONEER TITLE COMPANY OF ADA COUNTY, herein called TRUSTEE; and James D. Belenis and Alice Y. Belenis Trustees for The Belenis Family Trust U/D/D March 30, 2006 whose mailing address is 633 Elmwood Drive, Davis, California 95616, herein called BENEFICIARY;

WITNESSETH: That Grantor does hereby irrevocably GRANT, BARGAIN, SELL AND CONVEY TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in the County of Ada, State of Idaho, described as follows and containing not more than eighty acres:

The Northwest Quarter of the Northeast Quarter of Section 35, Township 2 North, Range 3 East, Boise Meridian, Ada County, Idaho.

If all, or any part, of the subject real property, or an interest therein is sold, transferred, or contracted to be sold or transferred in the future by agreement, without the Beneficiary's prior written consent, excluding a transfer by devise, descent or operation of law upon the death of the Grantor, Beneficiary may, at Beneficiary's option, declare all sums secured by this Deed of Trust to be immediately due and payable.

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits, for the purpose of securing payment of the indebtedness evidenced by a promissory note, of even date herewith, executed by Grantor in the sum of One Hundred Seventy Eight Thousand dollars and Zero cents ($178,000.00), final payment due January 14, 2011, and to secure payment of all such further sums as may hereafter be loaned or advanced by the Beneficiary herein to the Grantor herein, or any or either of them, while record owner of present interest, for any purpose, and of any notes, drafts or other instruments representing such further loans, advances or expenditures together with interest on all such sums at the rate therein provided. Provided, however, that the making of such further loans, advances or expenditures shall be optional with the Beneficiary, and provided, further, that it is the express intention of the parties to this Deed of Trust that it shall stand as continuing security until paid for all such advances together with interest thereon.

A.  **To protect the security of this Deed of Trust, Grantor agrees:**

(1)  To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereon; not to commit, suffer or permit any act upon said property in violation of law; to cultivate; irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2)  To provide, maintain and deliver to Beneficiary fire, vandalism and malicious mischief insurance satisfactory to and with loss payable to Beneficiary.  The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Grantor.  Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.  The provisions hereof are subject to the mutual agreements of the parties as below set forth.

(3)  To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee and to pay all costs and expenses, including cost of evidence of title and attorneys' fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

(4)  To pay:  (a) at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; (b) when due, subject to the mutual agreements of the parties as below set forth, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto;  (c ) all allowable expenses of this Trust.

(5)  Should Grantor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Grantor from any obligation hereof, may:  make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter  upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such power, pay allowable expenses.

1

(6) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof.

**B.   It is mutually agreed that:**

(1) Any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(2) By accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(3) At any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey all or any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(4) Upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in any reconveyance executed under this Deed of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

(5) As additional security, Grantor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Grantor the right, prior to any default by Grantor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(6) Upon default by Grantor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, all sums secured hereby shall immediately become due and payable at the option of the Beneficiary. In the event of default, Beneficiary shall execute or cause the Trustee to execute a written notice of such default and of his election to cause to be sold the herein described property to satisfy the obligations hereof, and shall cause such notice to be recorded in the office of the recorder of each county wherein said real property or some part thereof is situated.

Notice of sale having been given as then required by law, and not less than the time then required by law having elapsed, Trustee, without demand on Grantor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee shall deliver to the purchaser its deed conveying the property so sold, but without any covenant or warranty express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Grantor, Trustee, or Beneficiary, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of title evidence of title and reasonable counsel fees in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at ten percent per annum; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(7) This Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the holder and owner of the note secured hereby; or, if the note has been pledged, the pledgee thereof. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(8) Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Grantor, Beneficiary or Trustee shall be a party unless brought by Trustee.

(9) In the event of dissolution or resignation of the Trustee, the Beneficiary may substitute a trustee or trustees to execute the trust hereby created, and when any such substitution has been filed for record in the office of the Recorder of the county in which the property herein described is situated, it shall be conclusive evidence of the appointment of such trustee or trustees, and such new trustee or trustees shall succeed to all of the powers and duties of the trustees named herein.

Request is hereby made that a copy of any Notice of Default and a copy of any Notice of Sale hereunder be mailed to the Grantor at his address herein before set forth.

_____                    _____

Gordon Jones                                        Vicki Jones

Read and Approved by Beneficiary:

x _____

James D. Belenis, Trustee

(6)  To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof.

**B.    It is mutually agreed that:**

(1)  Any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(2)  By accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(3)  At any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may:  reconvey all or any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(4)  Upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder.  The recitals in any reconveyance executed under this deed of trust of any matters or facts shall be conclusive proof of the truthfulness thereof.  The grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

(5)  As additional security, Grantor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Grantor the right, prior to any default by Grantor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable.  Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine.  The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(6)  Upon default by Grantor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, all sums secured hereby shall immediately become due and payable at the option of the Beneficiary.  In the event of default, Beneficiary shall execute or cause the Trustee to execute a written notice of such default and of his election to cause to be sold the herein described property to satisfy the obligations hereof, and shall cause such notice to be recorded in the office of the recorder of each county wherein said real property or some part thereof is situated.

Notice of sale having been given as then required by law, and not less than the time then required by law having elapsed, Trustee, without demand on Grantor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale.  Trustee shall deliver to the purchaser its deed conveying the property so sold, but without any covenant or warranty express or implied.  The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof.  Any person, including Grantor, Trustee, or Beneficiary, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of title evidence of title and reasonable counsel fees in connection with sale, Trustee shall apply the proceeds of sale to payment of:  all sums expended under the terms hereof, not then repaid, with accrued interest at ten percent per annum; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitledthereto.

(7)  This Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns.  The term Beneficiary shall mean the holder and owner of the note secured hereby; or, if the note has been pledged, the pledgee thereof.  In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(8)  Trustee is not obligated to notify any party heretoof pending sale under any other Deed of Trust or of any action or proceeding in which Grantor, Beneficiary or Trustee shall be a party unless brought by Trustee.

(9)  In the event of dissolution or resignation of the Trustee, the Beneficiary may substitute a trustee or trustees to execute the trust hereby created, and when any such substitution has been filed for record in the office of the Recorder of the county in which the property herein described is situated, it shall be conclusive evidence of the appointment of such trustee or trustees, and such new trustee or trustees shall succeed to all of the powers and duties of the trustees named herein.

Request is hereby made that a copy of any Notice of Default and a copy of any Notice of Sale hereunder be mailed to the Grantor at his address herein before set forth.

Gordon Jones

Vicki Jones by Gordon Jones, her Attorney in Fact

2

STATE OF IDAHO,  County of Ada, ss.

On this ___14th___ day of January, in the year of 2010, before me Janet L. Blosch, notary public personally appeared Gordon Jones  known or identified to me to be the person/persons whose name is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same.

*Janet L Blosch*

Janet L. Blosch
Notary public of Idaho
Residing at Boise, Idaho
My commission expires:  3/17/2011

On this ___14th___ day of January, in the year of 2010, beforeme Janet L. Blosch, a notary public personally appeared Gordon Jones, known or identified to me to be the person whose name is subscribed to the within instrument as the attorney in fact of Vicki Jones and acknowledged to me that he/she/they subscribed thename(s) of Vicki Jones thereto as principal, and his/her/their own name as attorney in fact.

*Janet L Blosch*

Janet L Blosch
Notary Public of Idaho
Residing at Boise, Idaho
Commission expires:  March 17, 2011

## REQUEST FOR FULL RECONVEYANCE
TO BE USED ONLY WHEN NOTE HAS BEEN PAID.

_____    Idaho, _____

**TO: PIONEER TITLE COMPANY OF ADA COUNTY, Trustee:**

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust.  All sums secured thereby have been fully paid.  You are hereby requested and directed to cancel all evidence of indebtedness secured by said Deed of Trust and to reconvey, without warranty, the estate now held by you under the same.

Deliver to: _____

_____

**THE PROMISSORY NOTE OR NOTES, AND ANY EVIDENCES OF FURTHER AND/OR ADDITIONAL ADVANCES MUST BE PRESENTED WITH THIS REQUEST.**

Exhibit C

Exhibit C

703 S. Americana, Suite 120 / Boise, Idaho 83702 / (208) 373-3744

# DEED OF TRUST NOTE

$320000.00                                                                                                January 26, 2010

For Value received, the undersigned promise to pay to the order of PENSCO Trust Company Custodian FBO James Belenis IRS Account No. ████0919 the Principal sum of Three Hundred Twenty Thousand dollars and Zero cents ($320,000.00) in lawful money of the United States of America, with interest thereon at the rate of Twelve percent (12 %) per annum from February 1, 2010, in installments as follows:

The entire principal balance and interest accrued thereon shall be due and payable in full on or before February ~~5th~~ 2011.

If the Maker hereof sells, conveys or alienates the property described in the Deed of Trust securing this Note, or any part thereof, or any interest therein, excluding a transfer by devise, descent or operation of law upon the death of the Maker, any indebtedness or obligation secured hereby (irrespective of the maturity date expressed herein) at the option of the holder hereof and without demand or notice shall immediately become due and payable.

All payments, including partial prepayments, shall be applied first to accrued late charges owing (if applicable) then to accrued interest and the balance in reduction of principal.

Prepayment of Note prior to due date shall include all interest due through the maturity date.

In case of failure to pay any installment when same shall become due, the holder at his option, may declare the whole principal hereof as immediately due and payable. In case this note is collected by an attorney, either with or without suit the undersigned hereby agree to pay a reasonable attorney's fee.

This note is secured by a Deed of Trust of even date executed by the undersigned on certain real property described therein.

The undersigned hereby waive presentment, protest, and notice of non payment.

READ AND APPROVED BY:

PENSCO Trust Company
Custodian FBO James Belenis, IRA
PENSOCO Account #

By: _____

Gordon Jones

Its:    v p p p

Read and Approved By:

Vicki Jones by Gordon Jones,
her attorney in fact

James Belenis

Read & Approved by Payee(s): _____  _____

# DEED OF TRUST NOTE EXTENSION

$320,000
February 5th, 2010

Re:
PENCO Trust Company Custodian FBO James Belenis IRA account No. ████0919

All the original terms of the DEED OF TRUST Note signed on February 5th by
Gordon Jones, Vicki Jones by Gordon Jones her attorney in fact, and James Belenis
remain the same except that the entire principal balance and interest accrued
shall be due and payable in full on or before October 5th, 2011.

Gordon Jones

Dated: 5/26/2011

Vicki Jones by Gordon Jones, her attorney in fact

Dated: 5/26/2011

James Belenis:

Dated: 5/31/11

Read and Approved by:
PENSCO Trust Company
Custodian FBO James Belenis, IRA
PENSCO Account # ████9919

By:

Its:

## DEED OF TRUST NOTE EXTENSION

$320,000
February 5th, 2010

Re:
PENCO Trust Company Custodian FBO James Belenis IRA account No. ██████0919

All the original terms of the DEED OF TRUST Note signed on February 5th, 2010 by Gordon Jones, Vicki Jones by Gordon Jones her attorney in fact, and James Belenis remain the same except that the entire principal balance and interest accrued shall be due and payable in full on or before April 5th, 2013.

Gordon Jones

Dated: 3/12/2012

Vicki Jones by Gordon Jones, her attorney in fact

Dated: 3/12/2012

James Belenis: James Feel

Dated: 3/12/2012

Read and Approved by:
PENSCO Trust Company
Custodian FBO James Belenis, IRA
PENSCO Account # ██████9919

By: _____

Its: _____

Deed of Trust Note Extension

Re:

Pensco Trust Company Custodian James Belenis IRA account #: ▉0919

All the original terms of the DEED OF TRUST note signed on February 5th, 2010 by Gordon Jones, Vicki Jones by Gordon Jones, her attorney in fact, and James Belenis remain the same except that the entire principal balance and interest accrued shall be due and payable in full on or before April 5th, 2017.

Gordon Jones _____

Vicki Jones _____

Dated: _____

James Belenis _____

Dated: _4/7/2016_____

Read and approved by:
PENSCO Trust Company
Custodian FBO James Belens, IRA
PENSCO Account #: ▉0919

By:_____

Its: _____

## Deed of Trust Note Extension

Re:

Pensco Trust Company Custodian James Belenis IRA account #: ███ 0919

All the original terms of the DEED OF TRUST note signed on February 5th, 2010 by Gordon Jones, Vicki Jones by Gordon Jones, her attorney in fact, and James Belenis remain the same except that the entire principal balance and interest accrued shall be due and payable in full on or before October 5th, 2018.

Gordon Jones _____

Vicki Jones _____

Dated: _____

James Belenis _____

Dated: _____

Read and approved by:
PENSCO Trust Company
Custodian FBO James Belens, IRA
PENSCO Account #: ███ 0919

By:_____

Its: _____

Exhibit D

Exhibit D

**PTC** **PioneerTitleCo.**
*GOING BEYOND*

ADA COUNTY RECORDER J. DAVID NAVARRO    AMOUNT 16.00    5
BOISE IDAHO 02/05/10 04:22 PM
DEPUTY Lisa Batt
RECORDED—REQUEST OF
Pioneer

110011217

703 S. Americana, Suite 120 / Boise
Idaho 83702 / (208) 373-3744

# DEED OF TRUST

## 312467/JB/GL

**THIS DEED OF TRUST**, Made this 26th day of January, 2010, BETWEEN Gordon Jones and Vicki Jones, husband and wife, herein called GRANTOR, whose address is P.O. Box 8492, Boise ID 83707; PIONEER TITLE COMPANY OF ADA COUNTY, herein called TRUSTEE; and PENSCO Trust Company Custodian FBO James Belenis. IRA account #70000919 whose mailing address is 450 Sansome Street, FL. 14 San Francisco, CA 94111-3306, herein called BENEFICIARY;

**WITNESSETH:** That Grantor does hereby irrevocably GRANT, BARGAIN, SELL AND CONVEY TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in the County of Ada, State of Idaho, described as follows and containing not more than eighty acres:

The Northwest Quarter of the Northeast Quarter of Section 35, Township 2 North, Range 3 East, Boise Meridian, Ada County Idaho

If all, or any part, of the subject real property, or an interest therein is sold, transferred, or contracted to be sold or transferred in the future by agreement, without the Beneficiary's prior written consent, excluding a transfer by devise, descent or operation of law upon the death of the Grantor, Beneficiary may, at Beneficiary's option, declare all sums secured by this Deed of Trust to be immediately due and payable.

**TOGETHER WITH** the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits, for the purpose of securing payment of the indebtedness evidenced by a promissory note, of even date herewith, executed by Grantor in the sum of Three Hundred Twenty Thousand dollars and Zero cents ($320,000.00), final payment due February 5, 2011, and to secure payment of all such further sums as may hereafter be loaned or advanced by the Beneficiary herein to the Grantor herein, or any or either of them, while record owner of present interest, for any purpose, and of any notes, drafts or other instruments representing such further loans, advances or expenditures together with interest on all such sums at the rate therein provided. Provided, however, that the making of such further loans, advances or expenditures shall be optional with the Beneficiary, and provided, further, that it is the express intention of the parties to this Deed of Trust that it shall stand as continuing security until paid for all such advances together with interest thereon.

**A. To protect the security of this Deed of Trust, Grantor agrees:**

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereon; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire, vandalism and malicious mischief insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Grantor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice. The provisions hereof are subject to the mutual agreements of the parties as below set forth.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee and to pay all costs and expenses, including cost of evidence of title and attorneys' fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

(4) To pay: (a) at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; (b) when due, subject to the mutual agreements of the parties as below set forth, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; (c ) all allowable expenses of this Trust.

(5) Should Grantor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Grantor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such power, pay allowable expenses.

l

(6) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof.

**B.   It is mutually agreed that:**

(1)  Any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(2)  By accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(3)  At any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may:  reconvey all or any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(4)  Upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder.  The recitals in any reconveyance executed under this deed of trust of any matters or facts shall be conclusive proof of the truthfulness thereof.  The grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

(5)  As additional security, Grantor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Grantor the right, prior to any default by Grantor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable.  Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine.  The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(6)  Upon default by Grantor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, all sums secured hereby shall immediately become due and payable at the option of the Beneficiary.  In the event of default, Beneficiary shall execute or cause the Trustee to execute a written notice of such default and of his election to cause to be sold the herein described property to satisfy the obligations hereof, and shall cause such notice to be recorded in the office of the recorder of each county wherein said real property or some part thereof is situated.

Notice of sale having been given as then required by law, and not less than the time then required by law having elapsed, Trustee, without demand on Grantor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale.  Trustee shall deliver to the purchaser its deed conveying the property so sold, but without any covenant or warranty express or implied.  The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof.  Any person, including Grantor, Trustee, or Beneficiary, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of title evidence of title and reasonable counsel fees in connection with sale, Trustee shall apply the proceeds of sale to payment of:  all sums expended under the terms hereof, not then repaid, with accrued interest at ten percent per annum; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(7)  This Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns.  The term Beneficiary shall mean the holder and owner of the note secured hereby; or, if the note has been pledged, the pledgee thereof.  In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(8)  Trustee is not obligated to notify any party heretoof pending sale under any other Deed of Trust or of any action or proceeding in which Grantor, Beneficiary or Trustee shall be a party unless brought by Trustee.

(9)  In the event of dissolution or resignation of the Trustee, the Beneficiary may substitute a trustee or trustees to execute the trust hereby created, and when any such substitution has been filed for record in the office of the Recorder of the county in which the property herein described is situated, it shall be conclusive evidence of the appointment of such trustee or trustees, and such new trustee or trustees shall succeed to all of the powers and duties of the trustees named herein.

Request is hereby made that a copy of any Notice of Default and a copy of any Notice of Sale hereunder be mailed to the Grantor at his address herein before set forth.

Read and Approved By:

PENSCO Trust Company
Custodian FBO James Belenis, IRA
Account #70000919

Gordon Jones

By: _____

Its:  v PPP

2

Read and Approved By:

_Vicki Jone By Gordon Jones_ _attorney in fact_    _James Bel_

Vicki Jones by Gordon Jones,        James Belenis
her attorney in fact

STATE OF IDAHO , County of ADA, ss.

On this 5th day of _February_ , in the year of 2010, before me Janet L. Blosch, notary public personally
appeared Gordon Jones known or identified to me to be the person whose name is subscribed to the within
instrument, and acknowledged to me that he executed the same.

Notary Public _Janet L Blosch_
Residing at: _Boise, Idaho_
My commission Expires: _3.17-2011_

STATE OF IDAHO, County of ADA, ss.

On this 5th day of _February_, in the year of 2010, before me Janet L. Blosch, a notary public personally appeared
Gordon Jones, known or identified to me to be the person whose name is subscribed to the within instrument as the
attorney in fact of Vicki Jones and acknowledged to me that he subscribed the name of Vicki Jones thereto as
principal, and his own name as attorney in fact.

_Janet L Blosch_
Notary Public of _Idaho_
Residing at _Boise, Idaho_
Commission expires: _3-17-2011_

## REQUEST FOR FULL RECONVEYANCE
### TO BE USED ONLY WHEN NOTE HAS BEEN PAID.

_____ Idaho, _____

TO: PIONEER TITLE COMPANY OF ADA COUNTY, Trustee:

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums
secured thereby have been fully paid. You are hereby requested and directed to cancel all evidence of indebtedness secured by
said Deed of Trust and to reconvey, without warranty, the estate now held by you under the same.

Deliver to: _____

THE PROMISSORY NOTE OR NOTES, AND ANY EVIDENCES OF FURTHER AND/OR ADDITIONAL
ADVANCES MUST BE PRESENTED WITH THIS REQUEST.

3

# CALIFORNIA ALL-PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

State of California

County of _Yolo_

On _01/28/10_ before me, _Lydia Looknanan, Notary Public_
(Here insert name and title of the officer)

personally appeared _James Bolevic_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph
is true and correct.

WITNESS my hand and official seal.

_Lydia Looknanan_

Signature of Notary Public

LYDIA LOOKNANAN
Commission # 1824528
Notary Public - California
Yolo County
My Comm. Expires Nov 26, 2012

(Notary Seal)

---

## ADDITIONAL OPTIONAL INFORMATION

### INSTRUCTIONS FOR COMPLETING THIS FORM

| DESCRIPTION OF THE ATTACHED DOCUMENT |
|---|
| DOT |
| (Title or description of attached document) |
| |
| (Title or description of attached document continued) |
| Number of Pages _____ Document Date_____ |
| |
| (Additional information) |

*Any acknowledgment completed in California must contain verbiage exactly as appears above in the notary section or a separate acknowledgment form must be properly completed and attached to that document. The only exception is if a document is to be recorded outside of California. In such instances, any alternative acknowledgment verbiage as may be printed on such a document so long as the verbiage does not require the notary to do something that is illegal for a notary in California (i.e. certifying the authorized capacity of the signer). Please check the document carefully for proper notarial wording and attach this form if required.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they- is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  - ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
  - ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document

| CAPACITY CLAIMED BY THE SIGNER |
|---|
| ☐ Individual (s) |
| ☐ Corporate Officer |
| _____ (Title) |
| ☐ Partner(s) |
| ☐ Attorney-in-Fact |
| ☐ Trustee(s) |
| ☐ Other _____ |

2008 Version CAPA v12.10.07 800-873-9865 www.NotaryClasses.com

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _San Francisco_ }

On _Feb 4, 2010_ before me, _Jason Davis Griffith, Notary Public_
Date                                   Here Insert Name and Title of the Officer

personally appeared _Jim Weinberg_
Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
Signature of Notary Public

**JASON DAVIS GRIFFITH**
Commission # 1843801
Notary Public - California
San Francisco County
My Comm. Expires Apr 9, 2013

Place Notary Seal Above

---
## OPTIONAL
*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _Deed of Trust_

Document Date: _January 26, 2010_      Number of Pages: _three_

Signer(s) Other Than Named Above: _Gordon Janes, James Belenis, Vicki Janis_

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _Jim Weinberg_
☐ Individual
☒ Corporate Officer — Title(s): _VP PP_
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing: _____
_Denasco Trust Company_

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing: _____

© 2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org    Item #5907    Reorder: Call Toll-Free 1-800-876-6827

Exhibit E

Exhibit E



ADA COUNTY RECORDER J. DAVID NAVARRO   AMOUNT  9.00   3
BOISE IDAHO 02/05/10 04:22 PM
DEPUTY  Lisa Batt
RECORDED – REQUEST OF
Pioneer
110011218



# Pioneer Title Co.

### GOING BEYOND

703 S. Americana, Suite 120 / Boise,
Idaho 83702 / (208) 373-3744

## SUBORDINATION AGREEMENT

**NOTICE:  THIS SUBORDINATION AGREEMENT RESULTS IN YOUR SECURITY INTEREST IN THE
PROPERTY BECOMING SUBJECT TO AND OF LOWER PRIORITY THAN THE LIEN OF SOME OTHER
OR LATER SECURITY INSTRUMENT.**

The undersigned subordinator and owner agree as follows:

1.  James D. Belenis and Alice Y. Belenis Trustees for The Belenis Family Trust U/D/D March 30, 2006, referred to
    herein as "subordinator", is the owner and holder of a mortgage dated January 13, 2010, which is recorded on January
    14, 2010,  as Instrument No. 110004016, records of said County.

2.  PENSCO Trust Company Custodian FBO James Belenis IRA PENSCO Account #███0919, referred to herein as
    "lender" is the owner and holder of a mortgage dated January 26, 2010, executed by Gordon Jones and Vicki Jones in
    the amount of $320,000.00 which is recorded on February ___5___, 2010 as Instrument No. 110011217
    records of Ada County, which is to be recorded concurrently herewith

3.  Gordon Jones and Vicki Jones referred to herein as "owner" is the owner of all the real property described in the
    mortgage identified above in Paragraph 2.

4.  In consideration of benefits to "subordinator" from "owner", receipt and sufficiency of which is hereby acknowledged,
    and to induce "lender" to advance funds under its mortgage and all agreements in connection therewith, the
    "subordinator" does hereby unconditionally subordinate the lien of his mortgage identified in Paragraph 1 above to the
    lien of "lender's" mortgage identified in Paragraph 2 above, and all advances or charges made or accruing there
    under, including any extension or renewal thereof

5.  "Subordinator" acknowledges that, prior to the execution hereof, he has had the opportunity to examine the terms of
    "lender's" mortgage, note and agreements relating thereto, consents to and approves same, and recognizes that "lender"
    has no obligation to "subordinator" to advance any funds under its mortgage or see to the application of "lender's"
    mortgage funds, and any application or use of such funds for purposes other than those provided for in such mortgage,
    note or agreements shall not defeat the subordination herein made in whole or in part

6.  It is understood by the parties hereto that "lender" would not make the loan secured by the mortgage in Paragraph 2
    without this agreement.

7.  This agreement shall be the whole and only agreement between the parties hereto with regard to the subordination of
    the lien or charge of the mortgage first above mentioned to the lien or charge of the mortgage in favor of "lender"
    above referred to and shall supersede and cancel any prior agreements as to such, or any, subordination including, but
    not limited to, those provisions, if any, contained in the mortgage first above mentioned, which provided for the
    subordination of the lien or charge thereof to a mortgage or mortgages to be thereafter executed

8.  The heirs, administrators, assigns and successors in interest of the "subordinator" shall be bound by this agreement.
    Where the word "mortgage" appears herein it shall also be considered as "deed of trust" and gender and number of
    pronouns considered to conform to undersigned.

Dated:  2/1/2010

James D. Belenis and Alice Y. Belenis Trustees for the Belenis Family Trust U/D/D March 30, 2006

By: _James D. Belenis_

James D. Belenis, Trustee

(Beneficiary)

_Gordon Jones_

Vicki Jones, by Gordon Jones, her Attorney
in Fact

(Owner)

STATE OF IDAHO, County of ADA, ss.

On this 5th day of January, in the year of 2010, before me _Janet L. Blosch_, notary public personally appeared Gordon Jones known or identified to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same.

_Janet L. Blosch_

Janet L. Blosch
Notary Public of Idaho
Residing at Boise, Idaho
Commission expires March 17, 2011

STATE OF IDAHO, County of ADA, ss.

On this 5th day of January, in the year of 2010, before me _Janet L. Blosch_ a notary public personally appeared Gordon Jones, known or identified to me to be the person whose name is subscribed to the within instrument as the attorney in fact of Vicki Jones and acknowledged to me that he subscribed the name of Vicki Jones thereto as principal, and his own name as attorney in fact.

_Janet L. Blosch_

Janet L. Blosch
Notary Public of Idaho
Residing at Boise, Idaho
Commission expires: March 17, 2011

# CALIFORNIA ALL-PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

State of California

County of _Yolo_

On _2/04/10_ before me, _Carol MacDonald, Notary Public_,
<span style="font-size:small">(Here insert name and title of the officer)</span>

personally appeared _James Belenis_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary Public                                         (Notary Seal)

**CAROL MACDONALD**
Commission # 1877114
Notary Public - California
Yolo County
My Comm. Expires Jan 21, 2014

---

## ADDITIONAL OPTIONAL INFORMATION

### DESCRIPTION OF THE ATTACHED DOCUMENT

Subordination Agreement
<span style="font-size:small">(Title or description of attached document)</span>

<span style="font-size:small">(Title or description of attached document continued)</span>

Number of Pages _3*_ Document Date _2/1/2010_
*including this page
<span style="font-size:small">(Additional information)</span>

### CAPACITY CLAIMED BY THE SIGNER
- ☐ Individual(s)
- ☐ Corporate Officer
  _____
  <span style="font-size:small">(Title)</span>
- ☐ Partner(s)
- ☐ Attorney-in-Fact
- ☒ Trustee(s)
- ☐ Other _____

### INSTRUCTIONS FOR COMPLETING THIS FORM

*Any acknowledgment completed in California must contain verbiage exactly as appears above in the notary section or a separate acknowledgment form must be properly completed and attached to that document. The only exception is if a document is to be recorded outside of California. In such instances, any alternative acknowledgment verbiage as may be printed on such a document so long as the verbiage does not require the notary to do something that is illegal for a notary in California (i.e. certifying the authorized capacity of the signer). Please check the document carefully for proper notarial wording and attach this form if required.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they,- is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  - ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
  - ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document

Exhibit F

Exhibit F

LIMITED POWER OF ATTORNEY OF

Pacific Premier Trust, a Division of Pacific Premier Bank

TO

**James D Belenis**

WHEREAS, Pacific Premier Trust, a Division of Pacific Premier Bank ("PPT") is the custodian of **PENSCO TRUST COMPANY FBO James D Belenis**. PPT, per the direction of the owner of **PENSCO TRUST COMPANY FBO James D Belenis**, is transferring certain assets to **James D Belenis** who previously provided PPT with a letter of acceptance to hold such assets in an account sponsored by the successor custodian; and

WHEREAS, the successor custodian will be responsible for coordinating with applicable sponsors or jurisdictions to change the title of the assets to name **James D Belenis** as custodian. PPT authorizes **James D Belenis** to provide direction to the applicable administrator(s) of the assets (including, but not limited to, asset sponsors, insurance companies, local jurisdictions, sub-custodians, and transfer agents) for the sole purpose of re-registering said assets to **James D Belenis** as custodian; and

NOW, THEREFORE, the undersigned representative of PPT hereby authorize **James D Belenis** to take all action reasonably required to change the title of the assets from PPT (or any of PPT's predecessor names as defined in the included Signing Authority document) to **James D Belenis,** including but not limited to:

(i)     Execute and record assignments to **James D Belenis** of any and all other documents, certificates, agreements, and materials relating to ownership interests that are held in the name of PPT as custodian for an account (including without limitation, change of ownership/equity documents, collateral assignments of leases and rentals, UCC financing statements, and marketable securities), by signing the appropriate instruments of assignments and transfer on behalf of PPT, including affixing facsimile signature(s) to such instruments;

(ii)    To endorse and assign over to **James D Belenis** any check, draft, negotiable order of withdrawal or other like instrument which represents a payment to the **PENSCO TRUST COMPANY FBO James D Belenis** account and use for such endorsement such stamps or other devices as may be appropriate for the purpose of such endorsement; and

(iii)   To do and perform any and all acts for, and on behalf of, PPT which are necessary to complete any and all assignments, transfers, redemptions, sales, or discharges as are referred to in clauses (i) and (ii) above.

This Limited Power of Attorney ("LPOA") may be revoked, suspended, or terminated by PPT at any time if PPT sends written notice to the **James D Belenis**.  Revocation notice shall be deemed received on the date PPT sends an e-mail to the **James D Belenis** or if sent via an overnight carrier, the next business day.

This POA shall expire ONE-HUNDRED AND EIGHTY (180) DAYS from the below execution date.

Dated this **24th** day of **May, 2022**

Pacific Premier Trust, a Division of Pacific Premier Bank

Pacific Premier Trust
A Division of Pacific Premier Bank
By: Chris Rains
It's: Authorized Signatory

ACKNOWLEDGEMENT

State of Colorado

On _May 24_, _2022_ before me,

_Abigahi Becerra Trillo_ a Notary Public in and for said state,

personally appeared _Chris Rains_____ personally known to me
(or proved to me on the basis of satisfactory evidence) to be the person whose
name is subscribed to the Limited Power of Attorney given by Pacific Premier
Trust, a Division of Pacific Premier Bank to **James D Belenis** dated **24th** day of
**May, 2022** and acknowledged to me that he or she executed the same in his or her
authorized capacity, and that by his or her signature on the instrument the person or
the entity on behalf of which the person acted, executed the instrument.

WITNESS MY HAND AND OFFICIAL SEAL

_____
Notary in and for the State of Colorado

{SEAL}

ABIGAHI BECERRA TRILLO
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20174021904
MY COMMISSION EXPIRES MAY 23, 2025

Exhibit G

Exhibit G



# MARK BOTTLES
**REAL ESTATE SERVICES**
**839 S. Bridgeway Place**
**Eagle, Idaho 83616**

March 31st, 2022

Broker Price Opinion

Givens Pursley LLP

### Purpose of BPO

The following Broker's Price Opinion (BPO) is intended to be used by Givens Pursley LLP in the value and analysis a parcel of land located at TBD E Blacks Creek Rd and TBD E Black Creek Rd in Ada County Idaho. described as (the "Property").

### Brief Description of Property

The property is a parcel of land located just northwest of the intersection of I-84 and E Blacks Creek Road Boise, ID 83716. The property is about 37.6 acres with E Blacks Creek Road running through the property. The property is zoned RP in Ada County which allows the development of schools, churches and other public and quasi-public uses, but limits development of hazardous lands.

### Market Comparison Value

In evaluating the value of the property we used a couple of comparable sales to help determine the value of the property:

1. Address: 12245 E. Blacks Creek Road Boise, ID
   a. 94.3 acres
   b. Zoning/Use: RP
   c. Sold Price: $290,000
   d. Sold Price/Acre: $3,075.29
   e. Sold Date: 3/24/2020
2. Address: 19008 S Pleasant Valley Rd
   a. 77.26 acres
   b. Zoning/Use: RP
   c. Sold Price: $595,000
   d. Sold Price/Acre: $7,700
   e. Sold Date: 2/14/22
3. Address: TBD Kuna Mora Road
   a. 242 acres
   b. Zoning/Use: RP
   c. Sold Price: $1,625,000
   d. Sold Price/Acre: $6,712

e.  Sold Date: 6/30/2021

4.

Final Opinion of Value

Given the data found in the market comparable sales listed above, **the Broker's final opinion of value for the Property is $7,500-$8,500 per acre or $282,000-$319,600.**  This was concluded after evaluating comparable sales and through market knowledge of the market. In comparing this property to the comparable sales used, the first comparable was the closest comparable in terms of location, the second two comparables show more recency in the market in terms of price. The second two comparables show two properties that have sold in the last year around the price range suggested in a potential sale which helped lead us to our suggested price.

Additional Comments

Please note that all analysis contained in this BPO has been done with no specific knowledge of the Property other than what is publicly available. Only a visual inspection has been done. All estimations are based on market data available to best determine the opinion of value.

Broker is licensed as a real estate broker pursuant to the provisions of Chapter 20, Title 54, of the Idaho Code. Broker's license is currently active and in good standing under Idaho real estate license laws and rules.

Broker is not licensed under the Idaho Real Estate Appraisers Act, Chapter 41, Title 54, Idaho Code, and this report is not intended to meet the uniform standards of professional appraisal practice.

This report is not intended to meet the uniform standards of professional appraisal practice and is not intended to be an appraisal of the market value of the property. If an appraisal is desired, the services of a licensed or certified appraiser should be obtained.

This BPO is being provided to the Givens Pursley LLP as a complimentary service from Mark Bottles Real Estate Services LLC, purely for the purpose of providing the Givens Pursley LLP with information based on available comparable data, and our extensive experience and insight of the marketplace. That said, Mark Bottles Real Estate Services LLC, takes no liability for the accuracy of the data provided herein or in supporting documentation, and all representations and opinions are provided for reference purposes only.

Sincerely,

Mark Bottles

Mark Bottles Real Estate Services